**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113343

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Yannsi Espinal, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>AFNI, Inc.,<br><br>     Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

  Yannsi Espinal, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against AFNI, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

  1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

  2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

  3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

  4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Yannsi Espinal is an individual who is a citizen of the State of New York residing in Bronx County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant AFNI, Inc., is an Illinois Corporation with a principal place of business in Mclean County, Illinois.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. The Debt was incurred on an account with AT&T Mobility.

13. The account was for a personal cellular telephone.

14. Plaintiff's last payment on the account was prior to 2014.

15. The statute of limitations for the Debt, pursuant to 47 U.S.C. § 415(a), is two years.

16. The statute of limitations for the Debt began to accrue prior to 2014.

17. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 19, 2017. (**"Exhibit 1."**)

18. The Letter was sent after the statute of limitation expired.

19. The Letter demands payment.

20. The Letter offers a partial payment settlement.

21. Making any payment on a time-barred debt may result in revival of Plaintiff's otherwise time-barred debt.

22. 22 N.Y.C.R.R. § 1.3 requires debt collectors to notify consumers that 1) the debt collector believes that the statute of limitations applicable to the debt may be expired; 2) suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; 3) if the consumer is sued on a debt for which the statute

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired; 4) the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations; and 5) if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

23. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to provide any indication to Plaintiff that no legal action could be undertaken to attempt to recover the debt.

24. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to inform Plaintiff that any partial payment by Plaintiff may result in the revival of Plaintiff's otherwise time-barred debt.

25. Notwithstanding the expiration of the statute of limitations to sue to recover the debt prior to the time Defendant sent Plaintiff the Letter, the Letter fails to provide the notifications required by 22 N.Y.C.R.R. § 1.3.

26. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

27. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that the time-barred debt is legally enforceable; and therefore, Defendant violated 15 U.S.C. § 1692e(2)(A).

29. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred debt; and therefore, Defendant violated 15 U.S.C. § 1692e.

30. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10).

**CLASS ALLEGATIONS**

31. Plaintiff brings this action individually and as a class action on behalf of all

persons similarly situated in the State of New York from whom Defendant attempted to collect a time-barred consumer debt incurred for cellular telephone services, without advising the consumer that no legal action could be undertaken to attempt to recover the debt and/or that any partial payment by the consumer may result in the revival of the consumer's otherwise time-barred debt, from one year before the date of this Complaint to the present.

32. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

33. Defendant regularly engages in debt collection.

34. The Class consists of more than 35 persons from whom Defendant attempted to collect a time-barred consumer debt incurred for cellular telephone services, without advising the consumer that no legal action could be undertaken to attempt to recover the debt and/or that any partial payment by the consumer may result in the revival of the consumer's otherwise time-barred debt.

35. Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

37. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

38.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: May 2, 2017

**BARSHAY SANDERS, PLLC**

By:  /s/ *Craig B. Sanders*           
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113343

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530